## ORRIN P. WILSON *vs.* SIAS SHERBURNE.

Where the consideration of a promissory note consisted in part of the price of a fish-stand, which had been paid and indorsed, and in part of an agreement on the part of the payee, not to engage in the fish business for a year, in competition with the promisor; and the terms and conditions of the sale were evidenced by a contract in writing, which contained nothing relative to the good will of the business; it was held, in an action on the note between the original parties, that the promisor could not prove, in his defence, that at the time of the sale, a verbal contract was made between the parties, that the payee would not engage in the fish business for a year, and that this agreement had been violated.

THIS was an action on a promissory note dated February 14th, 1849, by which the defendant promised the plaintiff to pay him or his order one hundred and fifty dollars on the first day of May then next. There was an indorsement on the note, under date of February 21st, 1849, of fifty dollars and thirty-six cents.

The defendant pleaded the general issue, and specified in his defence, that the consideration of the note was the sale of a fish-stand in Springfield, with an express agreement, on the part of the plaintiff, not to be engaged in the fish business in Springfield, in competition with the defendant, for one year thereafter; and that the plaintiff had broken this agreement, by engaging in the fish business, within the year, greatly to the damage of the defendant.

It was in evidence, for the defendant, that the consideration of the note, as to the sum of fifty dollars and thirty-six cents, which had been indorsed thereon, before the commencement of the action, was the sale of the stand and personal property belonging to it; and as to the residue, the plaintiff's agreement not to be engaged in the fish business in Springfield for one year; that the contract of sale and the agreement not to be engaged in the fish business were made at the same time;

and that there was a contract in writing entered into between the parties. The defendant, having proved the loss of the written contract, called a witness to testify to its contents, who stated that the plaintiff sold to the defendant on the same terms and conditions, on which a sale of the same property had previously been made between other parties, and evidenced by a written contract, which was produced; but the witness could not say, that there was any thing in the written contract between the parties about the good-will of the business.

The defendant then offered parol evidence to prove, that at the time of the sale, there was also a verbal contract made between the parties, that the plaintiff would not engage in the fish business in Springfield for one year; that this agreement formed a part of the consideration of the note sued for, and that the plaintiff had violated it.

The plaintiff objected, that the written contract between the parties having referred to, and made a part of their agreement, the terms and conditions of a written contract previously made between other parties, parol evidence was not admissible to show other terms and conditions. The defendant contended, that the agreement, which he offered to prove, was independent of the written contract.

The presiding judge (*Byington*, J.) of the court of common pleas, before whom the case was tried, rejected the evidence; and a verdict being thereupon rendered for the plaintiff, the defendant excepted.

*W. G. Bates*, for the defendant, cited *Pierce* v. *Woodward*, 6 Pick. 206 ; *Lapham* v. *Whipple*, 8 Met. 59.

*H. Morris*, for the plaintiff, cited *Brigham* v. *Rogers*, 17 Mass. 571 ; *Boyle* v. *Agawam Canal*, 22 Pick. 381 ; *Meres* v. *Ansell*, 3 Wils. 275.

BY THE COURT. The cases cited by the counsel of the respective parties show how very difficult it is to mark with precision any satisfactory and definite boundary line, between the classes of cases in which parol evidence is or is not admissible, where the parties have made a written contract in reference to the general subject of agreement between them.

We are of opinion, that the evidence here offered was properly excluded, inasmuch as the defendant must take the position, that the sale of the fish-stand and the personal property attached to it, and the stipulation that the defendant would not engage in the business, within the limits of Springfield, for the term of one year, were part of or formed the original consideration. But the written contract signed by the parties does not show any such contract not to sell fish in Springfield for one year. The parties having stipulated in writing, it is not competent, by parol evidence, to add to or enlarge it. The testimony was properly excluded.

*Exceptions overruled.*