WILLIAM LIGHTFOOT, Administrator of Joseph Wooley, deceased, *Plaintiff in Error*,

*vs.*

ORSAMUS COLE, Administrator of the Estate of John Wooley, deceased, *Defendant in Error*.

ERROR TO THE CIRCUIT COURT OF GRANT COUNTY.

The Territorial Statute entitled "An Act establishing Courts of Probate," &c., prescribed a particular manner for the settlement of insolvent estates, to which the creditors of such estates were required to conform.

It was competent for the Legislature to prescribe and modify the remedies which might be pursued in the Courts of the Territory; and to provide one particular manner of proceeding to the exclusion of all others, so long as some specific, adequate remedy was preserved.

By the act aforesaid, unless the creditor made out his claim, within the time, and according to the mode prescribed by the act, he would be forever barred of his debt, unless he shall find property of the estate not accounted for by the administrator, before distribution.

A want of compliance with the statute, in presenting the claim to the commissioners appointed by the Court of Probate, within the time limited, operated as a bar, though the estate should ultimately prove solvent.

Certainty to a common intent, is sufficient in a plea in bar. A plea in bar by an executor or administrator, showing, with this degree of certainty, the proceedings in the Probate Court, on which it is based, in accordance with the provisions of the statute, is good.

JUNE TERM, 1853.

Lightfoot
vs.
Cole.

Section 28, of Chapter 98, of the Rev. Stat. does not vest any discretion in the court to receive in evidence depositions taken under a *dedimus potestatum* in the taking of which the rules of court and provisions of law, have not been complied with.

In computing the term of limitation, within which actions may be brought against an executor or administrator, a period of eighteen months after the death of the testator or intestate, is to be excluded from the computation.

In this and similar cases, the effect of the statute is to extend the term of limitation to a period of seven years and six months from the time when the cause of action accrued.

A judgment *de bonis propriis* is erroneous, against an executor or administrator on an issue of this kind.

This was an action of assumpsit, originally commenced by the said John Wooley against Elizabeth Wooley, administratrix of Joseph Wooley, deceased. The record shows a surrender of the trust by the administratrix, and the substitution of the present plaintiff in error as administrator; it also shows the death of John Wooley, subsequent to the commencement of the suit, and a revivor of the action in the name of the present defendant in error, as his administrator.

The action was commenced the 31st day of July, 1849, on a certain promissory note, dated the 1st day of May, 1843, and payable one day after date, made by Joseph Wooley to John Wooley "or order," for the sum of $1,935.80. The words "or order," appear to have been interlined in the note. Declaration filed in the usual form, Oct. 1, 1849. On the 27th May, 1851, the defendant below, the said William Lightfoot pleaded as follows:

1. General issue.

2. Statute of limitations, *non-accrevit infra sex annos*, and—

3. A special plea, alleging the death of Joseph Wooley, in December, 1848, the granting of letters of administration to said Elizabeth Wooley, the

widow, in due time, by the Judge of Probate of Grant county, the county in which the said Joseph Wooley died ; the representation of the insolvency of the estate by the administratrix to the Judge of Probate in 1849 ; the appointment of commissioners by the said Judge of Probate, to receive and examine the claims of creditors ; the allowance of six months time to creditors to present and prove their claims ; the publication of notice to creditors, of the times and places of meeting of the commissioners ; the meeting of the commissioners on the 14th of May and 4th of June, 1849, in pursuance of said notice ; the report of the commissioners to the Judge of Probate, of claims allowed under said commission. The plea then avers, that John Wooley did not present said note to said commissioners at any time before their report was made and filed with the said Judge of Probate.

On the 13th September, 1851, the plaintiff below filed a general replication to the plea of general issue ; traversed the plea of the statute of limitations ; and demurred to the third plea, and assigned the following for causes of demurrer :

1. That the plea did not aver the insolvency of the estate, according to the true intent and meaning of the statute.

2. That it did not aver a full administration.

3. That it did not aver a distribution of the assets among creditors whose claims were allowed by the commissioners.

4. That it did not aver that the administratrix did not consent to have the claim of the plaintiff settled by due course of law.

5. That the plea is argumentative ; that there are divers blanks and void spaces in the plea, which render the sense thereof obscure.

At the October Term, 1851, the demurrer was sustained.

At the same term a trial was had ; a verdict was rendered in favor of the plaintiff below, for $3,068.78 ; the excess above $3000 was remitted.

Thereupon the court rendered judgment, "that the said plaintiff do have and recover, of and from the defendant, William Lightfoot, as administrator of the estate of Joseph Wooley, deceased, the aforesaid sum of three thousand dollars, for his damages, and his costs and charges, to be taxed, in and about the prosecution of this suit expended, and that he may have execution therefor."

On the trial, several exceptions were taken to the decision of the court upon points raised, which are presented by record brought up, and disclosed by the bill of execptions.

The defendant below objected to the reading in evidence the note above described, offered by the plaintiff below, until the interlineation of the words, " or order," was explained. For the purpose of explaining this interlineation, the plaintiff below offered the deposition of George Wooley, taken in Lexington, Kentucky. Objection was made to this offer by the defendant below; because the commissioner who took it, had not subscribed his name to each page of the deposition, as required by the rules of court ; because the certificate was defective, in not stating that the witness was first sworn or affirmed ; and because his answers are written immediately after the several interrogatories in the commission. [The answers of the witness are crowded in, between each interrogatory, and the name of the witness is subscribed at the left hand at the bottom of the last page

of the interrogatories.] These objections were over-ruled, and the deposition and note were admitted in evidence; to all of which the plaintiff in error excepted.

Upon this evidence the plaintiff below rested his case. The defendant below then moved the court to nonsuit the plaintiff, on the ground, that it appeared that the action was not commenced within six years after it accrued, nor did it appear by proof that the said Joseph Wooley had died before the expiration of six years from the accruing of said action.

This motion was denied, and the counsel for the defendant below excepted.

The counsel for the defendant below then requested the court to charge the jury as follows:

1. That the plaintiff, to enable him to recover, must prove that said action was commenced within six years after it accrued, or that defendant's intestate had died within six years after the cause of action did accrue.

2. That this suit having been commenced against Elizabeth Wooley, administratrix of said intestate, the jury can find no verdict against the administrator *de bonis non*, the now defendant in this cause.

Which instructions were denied by the court, and the counsel for the defendant excepted.

*J. Mills* for the plaintiff in error, made and argued the following points:

1. This plea was a good answer to the action, and the demurrer should have been overruled. The neglect of the defendant in error to present his claim to the insolvent commissioners, barred him. *O. Rev. Stat.* 304; *Paine vs. Nichols*, 15 *Mass.* 266; 17 *Mass.* 567. As to the form of pleading an inferior jurisdiction, 6 *Cow.* 221.

The remedy of defendant in error, after the ap-

pointment of the insolvent commissioners, was abrogated. If he had an excuse for not presenting his claim, he could have applied to the judge of probate for an extension of time, even after the commissioners had filed their report. *Walker vs. Lyman,* 6 *Pick.* 458.

The plea of *plene administravit,* which the defendant contends for, is no longer a proper plea. *Allen vs. Bishop's Executors,* 25 *Wend.* 414. The defendant in error brought his suit immediately after filing the report. It is very probable that the estate was not "fully administered" at that time, nor a decree for distribution made.

2. The deposition in explanation of the note should have been excluded. *Cir. Court Rules, No.* 61. There is truly no deposition. The answers form part of the interrogatories, originally attached to the commission by the clerk. As to discretion of the court to receive certain depositions, see *Rev. Stat. p.* 519.

3. The nonsuit should have been granted. Six years had elapsed from the accruing, to the commencement of the action. If the defendant in error wished to avail himself of the exception in the old Revised Statutes, p. 212, he should have proved that the death of the intestate of plaintiff in error took place before six years had elapsed from the accruing of the cause of action.

4. The judgment should have been against the goods of the testator, or, to be paid in the course of administration. The plaintiff in error is not personally liable. *Lansing vs. Lansing's Ex'rs,* 18 *J. R.* 502 ; *The People vs. The Judges of Erie,* 4 *Cow.* 445 ; 3 *Burr's Prac.* 182 ; *Hardy vs. Call,* 16 *Mass.* 530.

*J. H. Knowlton* argued the same points.

*G. W. Lakin* for the defendant in error, insisted that the third plea was bad, for the reasons stated in the demurrer.

That the statute extended to term of limitation in cases of this kind, eighteen months:

That the interlineation of the words "or order," is immaterial as between these, the original parties to the note:

That under the statute, *Rev. Stat. p.* 519, the court was authorised to receive the deposition in its discretion, and to these points cited and furnished the following authorities: *O. R. S.* 303 ; 4 *John. Ch. R.* 642; *Fray vs. Dakin*, 7 *J. R.* 77 ; 1 *Chit. Pl.*; *Gould on Pl.*; *Stephen on Pl.*; *Cruger vs. Crossey*, 3 *John's R.* 242 ; 7 *J. R.* 782 ; 25 *Wend.* 414 ; 1 *Story's Eq. Jur.* 611 ; *Williams on Ex.* 1664 ; *Ch. on Bills*, 212 ; 18 *J. R.* 315; 19 *id.* 391 ; 24 *Wend.* 488 ; *Law Lib.* 59 ; 243, *mar. p.*

*C. Dunn*, in reply, contended that the plea was good ; for, it was not necessary to aver the insolvency of the estate. It is sufficient, if so represented by the administrator.

It was not necessary to set out the actual notice given by the commissioners. It was sufficient to aver a legal notice, which is done in this plea, and the demurrer admits it.

[Mr. Dunn further argued the several points presented by the case, but no written or printed brief of his argument has been furnished. The same difficulty has been encountered in respect to the argument of Mr. Knowlton and Mr. Lakin.]

*By the Court*, CRAWFORD, J. In this case, the errors insisted upon are:

1st. In sustaining the demurrer to the third plea of the defendant.

2d. In permitting the deposition offered by the plaintiff to be used in evidence.

3d. In refusing to nonsuit the plaintiff on the motion for that purpose made by the defendant.

4th. In rendering the judgment given in the case.

The first error involves the question of the sufficiency of the plea. This action was commenced on 31st day of July, 1849, at which time the "Act establishing Courts of Probate," &c. of the Territory of Wisconsin was in force. By this act a particular manner is pointed out and prescribed for the settlement of insolvent estates, and the creditors of such estates are required to conform to the provisions of this act, in enforcing their demands. Section thirty, provides, that before the payment of any debts, except those privileged by the act, the executor or administrator shall *represent* the condition and circumstances of the estate to the judge of probate, and he shall thereupon appoint certain commissioners to examine the claims of *all* creditors; and the succeeding section requires a report by such commissioners, after the expiration of the term allowed by the judge of probate, to the creditors, to present and prove their claims before the commissioners. Various other provisions are made in these statutes, securing to the executor or administrator, as well as to any of the creditors, a means of determining the amount of indebtedness by a reference to the courts of the common law, or, (by agreement of the parties,) to the decision of referees. Section thirty-six provides that "*no action shall be brought*

June Term, 1853.

Lightfoot vs. Cole.

against any executor or administrator after the estate shall be *represented* insolvent, except for debts privileged as aforesaid, unless the claim on which such action may be brought, shall have been disallowed by the commissioners, or the executor or administrator having objection to the claim shall consent to have the same settled by course of law, in which case the judgment of the court shall determine said claim, and be reported by the commissioners as such."

It was entirely within the control of the legislature, to prescribe and modify the remedies which might be pursued in the courts of the Territory, and to provide one particular manner of proceeding, to the exclusion of others, so long as some specific remedy was preserved ; and we think, when this act was passed it effectually confined the creditors of insolvent estates, to the manner therein provided, for establishing and enforcing their claims against such estates ; for the language of the thirty-sixth section is prohibitory, that, "*no action shall be brought*," &c. unless the claim shall have been disallowed after presentation to the commissioners. The latter part of the section evidently contemplates a resort to a court of law, for the purpose of liquidating the amount, *before* the commissioners have made their report.

The thirty-eighth section is equally peremptory, and provides, that if the creditor do not make out his claim, within the time, or in some one of the modes provided by the act, "*he shall be forever barred of his debt*," unless he shall find property of the deceased not accounted for by the administrator or executor before distribution. The ordinary remedy of the common law is thus rendered inefficacious, because, if the creditor neglects to comply with the statute, and notwith-

standing its express prohibition, brings his action, the administrator, as is done in this case, may set up a want of compliance with the law, by a plea in bar, which must prevail, unless by a replication and proof the creditor can show himself within the last clause of the thirty-eighth section.

We have been referred to, and have examined the case of *Paine vs. Nichols*, (15 *Mass.* 264,) which involves the precise question before us.

From that case it would appear that the statute of Massachusetts, at that time in force, (*Statute of* 1784, *Chap.* 2,) on this subject, was in substance similar to ours, and the court held, that a want of compliance with the statute, in presenting the claim to commissioners, would operate as a bar, notwithstanding the estate should eventually prove solvent.

On this point it only remains for us to enquire whether the plea demurred to, contains sufficient to constitute a defence to this action. Pleas in bar, are required to be *certain;* but the minor degree of certainty, commonly called in the books " certainty to a common intent," is enough, and if this plea shows, with this degree of certainty, proceedings in the Probate Court in accordance with the provisions of the statute, we must hold it to be good. It sets forth, that during the month of December, 1848, Joseph Wooley, (the defendant's intestate,) died ; that within thirty days after his death, letters of administration were granted by the Court of Probate of Grant County, (in which county he died,) to Elizabeth Wooley, the defendant originally sued as the administratrix, who was the widow of the intestate ; that thereafter, and before payment was made to any of the creditors of the estate, except debts privileged by law, the administra-

trix "represented the condition and circumstances of the estate to the judge of probate, " and that the said estate was insolvent, and would not pay the full amount of the debts due from the said estate in the opinion and according to the judgment of the said administratrix; that thereupon the judge of probate appointed two commissioners to receive and examine the claims of all creditors of the estate ; that the said judge allowed the term of six months, and no longer to the several creditors, to bring in, and prove their claims before these commissioners; that these commissioners "according to the directions of the said judge of probate, caused the times and places of their meetings to attend the creditors for receiving and examining their claims to be made known by advertisement in a public newspaper, printed and published in Grant County, for — weeks before the time of the meeting of the said commissioners; that in pursuance of said advertisement, the said commissioners did meet at the times and places mentioned in the advertisement, to attend on the creditors, and" at the end of six months so allowed by the judge of probate, " did make their report to the Probate Court, accompanied by a list of all claims laid before them, and the amount allowed on each."

The plea then avers, that the plaintiff " did not within the said six months, nor prior to, nor on the fourth day of June, 1849, which was the last day of meeting mentioned in the advertisement, (nor within the time allowed by the said judge of probate, and appointed by the said commissioners, nor at any other time before the report of the said commissioners was made and filed in the office of the said judge of probate,) bring in and present the said note in the said

declaration mentioned, to the said commissioners for their examination and allowance."

The first objection to this plea which is urged, is, that it does not aver that the estate of Joseph Wooley, at the time of his death, *was insolvent*.

It is a sufficient answer to this objection, that the thirtieth section only requires the administrator or executor to *represent* the condition of the estate to the judge of probate. There is nothing said in the statute as to the manner of determining when an estate is insolvent, but the reasonable conclusion to be arrived at is, that the executor or administrator, in the performance of his duties, acquires such a knowledge of the affairs of the intestate, as to enable him to form an opinion whether the estate will be sufficient to pay the debts, and when he "*represents*" the condition and circumstances of the estate to the judge of probate, the law seems to be satisfied with his representation. It is to be observed, that the second title of this act relates to the "settlement of estates *not represented* insolvent," and the third title relates to the "settlement of *insolvent* estates," and in the thirtieth section the executor or administrator is spoken of as "appointed to any insolvent estate;" but, certainly the judge of probate could have no *official* knowledge of insolvency until after the *appointment* of an administrator and his report had been made; and if it then appeared that the estate would be insufficient to pay the debts, the judge of probate would be called upon to appoint commissioners; but whether the estate is insolvent or not, must in all cases depend upon some report or *representation* of the person having charge of it. In this case, however, the plea avers that the administratrix did represent that the estate "was insolvent," and

would, in her opinion, not pay the full amount of the debts.

This was sufficient to authorise the judge of probate to proceed as in cases of insolvent estates.

The next objection to the plea is, that it does not show that the administratrix had fully administered. *Plene administravit*, when admissible, is of itself a good plea, but it strikes us that if it were incorporated in this plea it would render the latter bad, for we hold that a want of compliance with the statute by the creditor is, by the express words of the thirty-eighth section, a complete bar to the action, and the introduction of another substantial matter of defence, might render the whole plea bad for duplicity. We do not think it was essential to the validity of the plea, that it should aver, (as is claimed by the counsel for the defendant in error in his next objection, (and which is in substance embraced in the preceding one,) the payment and distribution of all the rest and residue of the assets to and among the several creditors, after privileged debts had been paid. The plaintiff was not in an attitude to take advantage of any neglect of the administratrix in this respect, except in the instance contemplated by the latter part of the thirty-eighth section; and in such case it is, we think, with him, to "find some other estate of the deceased, not inventoried or accounted for, by the executor or administrator before distribution," in order to take his claim out of the operation of the statute.

Another objection urged is, that the administratrix has not alleged that she *did not consent* to have the plaintiff's claim against the estate settled by the course of law.

As this consent is in the nature of a *condition* on

the occurrence of which the right of the plaintiff to
bring his action depended, it was incumbent on him
to set it up affirmatively, and the defendant was not
required to plead the negative.

Under this statute, there are but two cases, in
which a plaintiff can pursue his remedy at law against
an insolvent estate. One of these is provided for by
section thirty-four of the statute; but here it is with
the plaintiff to show that his claim was, in whole or in
part, rejected by the commissioners, and that within
twenty days after the making of the report, he gave
notice at the probate office, and brought his action.
The other case is, when the administrator is dissatis-
fied with the claim as allowed by the commissioners;
but neither of these cases would be applicable hei e.

We do not think the omission of the date of the first
report or *representation* of the condition of the estate to
the Judge of Probate was material; it was enough to
show that it had been done before payment of any but
privileged debts, and the other blank space in the plea,
preceding the word " weeks " in stating the publica-
tion of the advertisement by the commissioners, is also
immaterial, because the plea states that " according
to the direction of the said Judge of Probate," they
(the commissioners) caused the time and places of
their meetings to be made known, &c. We think
this plea was sufficiently certain, and contained a good
defence to the action, and that the demurrer ought
to have been overruled.

The next error insisted upon is, that the deposition
offered by the plaintiff was improperly admitted in
evidence. There can be no pretence that this depo-
sition was properly taken or certified, so as to entitle
it to be read in evidence; but it is claimed that the

June Term, 1853.

Lightfoot vs. Cole.

court below had a discretion to admit or exclude it under section twenty-eight of chapter ninety-eight of the Revised Statutes. That section relates to depositions and affidavits taken out of the State, in some other manner than by a commission issued, as in this case, and before some officer authorized by the laws of the State or country where they are taken, to take depositions; but here the persons before whom the deposition purports to have been taken, had no authority whatever, save that delegated to them by the commission; and hence the deposition could not properly be read in evidence, unless the rules of the Circuit Court on the subject had been complied with. The court below had no such discretion as is claimed, and it committed an error in allowing the deposition to be read in evidence.

In the view we have taken of this case, it is not necessary to give an opinion upon the error assigned, in the refusal of the court below to grant a nonsuit; but in regard to the construction to be given to the statute of limitations in this case, and which was insisted upon in connection with this point of error, we hold, that the one hundred and ninth section of the "Act concerning proceedings in Courts of Record" was intended, and has the effect, to extend the time within which actions might be brought against executors or administrators upon causes of action which had accrued previous to the death of the testator or intestate. The language of the section is, " the term of eighteen months after the death of any testator or intestate, *shall not be deemed any part of the time* limited by law for the commencement of actions against his executors or administrators," so that the time limited, six years, is, by this provision, and in cases like the present one, ex-

June Term, 1853.

Lightfoot
vs.
Colo.

tended to seven years and six months. The general limitation of six years is still applicable, but the term of eighteen months succeeding the death of the debtor is not to be included in the calculation of those six years; and therefore, to establish a bar by limitation, the party relying upon it must show the expiration of six years before the commencement of the suit, *besides* the eighteen months after or succeeding the death of the debtor. The opinion of Mr. Justice Cowen, in the case of *Howell & Strong vs. Babcock's Executors* (24 *Wend.* 448,) gives the correct rule of construction to be applied to this provision of the statute. Our present statute has a similar section, (*vide Rev. Stat. Chap.* 103, § 8.)

The only remaining question is, whether the judgment rendered by the Circuit Court was such as ought to be rendered against an administrator, in a case like the one before us. This, surely, is not a judgment *de bonis testatoris*. It is *de bonis propriis;* and the introduction of the words, " as administrator of the estate of Joseph Wooley, deceased," was mere surplusage ; at most but a description of the person. It was, no doubt, the intention of the Circuit Court to render a judgment against the estate of the deceased, Joseph Wooley, or, in other words, a judgment *de bonis testatoris;* but there has been a complete failure in carrying out this intention.

Chief Justice Savage, in the case of *The People ex. rel. Vogalrauger vs. The Judges of Erie Common Pleas,* (4 *Cow.* 443,) in speaking of the form of judgment against an executor, says, " this should be according to his liability. So far as this arises from pleading, I take the rule to be as follows : If he plead *ne unques executor*, or a release to himself, and the issue be found

against him, the judgment is, that the execution issue in the first instance, *de bonis testatoris si, et si non, de bonis propriis*, for both debt and costs; and the reason is, that he pleaded a plea which he knew to be false, and thus unnecessarily delayed the plaintiff. The rule laid down in *Lansing vs. Lansing* (18 *Johns.* 503,) is right as to that case; but it is too broad, and should be accompanied with this qualification; that if the executor suffer a judgment by default, or give a *cognovit actionem* or plead *any other plea* but the two above named, and the issue be found against him, the judgment is *de bonis testatoris si*, for the whole debt or damages and costs, *et si non*, then *de bonis propriis* for the costs."

This is the correct rule, and hence the judgment of the Circuit Court in this case, awarding execution, without any restriction or direction, is not such as it should have been. (*See Mounson vs. Brown Cro. Car.* 518; *Hardy vs. Call*, 16 *Mass.* 530; 2 *Burr Pr.* 97.)

The judgment of the Circuit Court in this case is reversed, and the case must be remanded for a new trial.