## WOODWARD VS. HOWARD, executor, &c.

In an action against an executor, upon a promise of the testator, where there is nothing showing any violation of duty which would make the executor personally liable, it is error to render a judgment against him *de bonis propriis.*
Where this court is satisfied that the merits of the case were with the respondent, it will allow such error to be corrected here, or send the case back with a direction to the court below to put the judgment in proper form. Otherwise, it will not.

APPEAL from the Circuit Court for *Dane* County.

In this case, which came to the circuit court on appeal from the allowance of a claim in the probate court, an issue was made up by a complaint which alleged that the defendant was executor of the will of Mary P. H. Cutler, deceased, and was indebted to the plaintiff in the sum of $59 50, for board, &c., furnished at the request of said Mary, for her infant child, and an answer which denied the indebtedness, and alleged also that H. D. B. Cutler, who was the husband of said Mary and the father of said child, had always been and still was of sufficient pecuniary ability to support it. On

the trial, the plaintiff read in evidence the will of Mrs. Cutler, by which nearly all her estate was devised to said child, but if it should die before attaining the age of twenty-one, or afterwards without leaving issue of the body, then the estate was to be divided among other relatives of the testatrix. H. D. B. Cutler testified, that Mrs. Cutler died on the 17th of June, 1858; that the child was boarded at the plaintiff's from March 27th, 1858, till the 6th of September following; that he made an agreement with the plaintiff to keep the child at $3 00 per week; that Mrs. Cutler thought it best to have the child kept there, and frequently said she would pay the bill for keeping it; that Mrs. Cutler was paying all the bills about that time, and witness paid the child's board at the plaintiff's for two weeks at her request, with her money; that he was the father of the child, and was of sufficient pecuniary ability to support it. The circuit court found that the plaintiff had furnished board, &c., for the child, of the value stated in the complaint, at the request of Mrs. Cutler, and rendered a judgment, the form of which is stated in the opinion of the court.

*Carpenter & Sprague*, for appellant.

*J. C. Hopkins*, for respondent.

April 10.

*By the Court*, COLE, J. On the argument, it was intimated to counsel that, as we understood the judgment in this case, it was a personal one, while clearly it should have been one *de bonis testatoris*. The language of the judgment is, that the respondent " recover of *Jacob M. Howard*, the defendant, the aforesaid sum," &c. The action was against the appellant as executor, &c. There is nothing in the case to show that he had, for a violation of any duty, become personally liable to pay the judgment. Undeniably, the intention was to take a judgment to be paid out of the assets in his hands to be administered. I cannot see that it is possible to distinguish it from the case of *Lightfoot vs. Cole*, 1 Wis., 26. It was suggested on the argument that there was something in the pleadings and issues in that case which rendered the decision inapplicable here. But I fail to see any essential difference in the two cases. In each case the judgment is *de bonis propriis*,

while it should be *de bonis testatoris*. For this reason, the judgment must be reversed, and a new trial ordered.

It was likewise suggested by the counsel for the respondent, that as this was a mere matter of form, we should either send the case back, with directions to the circuit court to put the judgment in proper form, or amend it here so as to obviate the objection now taken to it, and make it correspond to the liability of the appellant as executor, instead of sending it back for a new trial upon the merits. We think it would be competent for this court thus to correct the error in the judgment, and were we satisfied that the merits of the case were with the respondents, we should adopt that course. See *Fitzhugh vs. Wiman*, 5 Selden, 559. But upon the record we are not satisfied that the respondent should recover against the estate of Mrs. Cutler. It is not necessary to go into that matter now, and we throw out this intimation of our views upon the merits as a reason why we think there should be a new trial.

The judgment of the circuit court is therefore reversed, and a new trial ordered.