SMITH, Sheriff, etc., vs. CARTER and another.

*Promissory note : Proof of contemporaneous oral agreement, to show failure of consideration.*

1. Evidence of an oral agreement between the parties to a note, at the time it was made, is admissible to show a partial or total failure of the consideration.
2. Thus it might be shown that the note was given in payment for logs cut by payee, and to be delivered by him to the makers, and was put in the hands of a third person, with the understanding that he was to pay with funds of the makers all legal claims against said logs (which should be considered a payment upon the note), and that he did pay certain claims of that character; also that payee did not deliver to the makers all the logs agreed upon; and that a part of those delivered had been cut upon the land of another person, of whom the makers were obliged to purchase them.

APPEAL from the Circuit Court for *Winnebago* County.

On the 9th of May, 1867, *Carter* and *Hayden* executed and delivered to one Cunningham, their joint note for

$800, payable to said Cunningham or bearer one day after date, at the office of Jackson & Halsey; and on the same day Cunningham assigned and transferred the note to H. B. Jackson, Esq., of said last-named firm. On the next day, one Eckstein commenced an action on contract against Cunningham in the Winnebago circuit court, and garnished Mr. Jackson therein; and, after judgment against Cunningham, they also recovered a judgment against Jackson, that said note was the property of Cunningham at the commencement of the proceeding in garnishment, etc., and directing that the same be delivered to the present plaintiff, *Smith*, as sheriff of said county, and that he bring suit thereon. This suit was brought in obedience to that order. The defense set up in the answer was, that on said 9th of May, 1867, defendants purchased of Cunningham all the logs which he had got out the previous logging season in the Wolf river pinery, at an agreed price of $6,000; that, at the time of the completion of said purchase, defendants had paid Cunningham the whole of said purchase price, except $833.33; that, on the making of the sale, Cunningham agreed to warrant and defend the same against all persons; that, defendants having reason to believe that there were liens amounting to several hundred dollars upon the logs, but not knowing the exact amount thereof, it was then and there agreed between them and Cunningham that defendants should execute their note to him, and it should be placed in the hands of Mr. Jackson, by him to be held for the following purposes: (1) to pay all lawful claims against said logs, which defendants might be compelled to pay; (2) to refund all sums which defendants might be compelled to pay in maintaining title to the logs, including lawyers' fees; (3) the balance, if any, to be applied by Jackson in payment of certain specified creditors of said Cunningham; that the note in suit was executed and delivered in pursuance of this agreement; that defendants had, in fact, been compelled to pay certain

specified claims against said logs, amounting in the aggregate to $576.37; that they had also been compelled to repurchase from one Elizabeth A. Mosier about 50,000 feet of said logs, which had been unlawfully cut by Cunningham upon her land; that about 110,000 feet of the logs which Cunningham had cut the previous season were never delivered to defendants, but were converted by him to his own use; that the value of the two lots last mentioned was nine dollars per thousand feet; that defendants had been obliged to pay $100 as lawyers' fees in defending their title to the logs; and that, by reason of the premises, the consideration for said note had totally failed.

On the trial, defendants were allowed, against objection, to introduce testimony in support of the various allegations of their answer. They also introduced a bill of sale executed to them by Cunningham, May 9, 1867, in consideration of $6,000, the receipt of which is acknowledged. The property sold is described therein as "all of the pine logs got out by me [said Cunningham] during the past logging season, in the Wolf river pinery, supposed to be about ten or twelve hundred thousand feet, more or less, the same being situated in Winnebago county, in the Fox and Wolf rivers, *belonging to me, and now in my possession, as aforesaid,*" etc.; and the vendor covenants "to warrant and defend the sale." The evidence tended to show that there were three rafts of lumber cut by Cunningham during the previous season, and taken into Winnebago county with the others, which were not delivered to the defendants. The evidence preserved in the bill of exceptions does not show who had title to, or possession of, them on the 9th of May; nor does it appear whether the bill of exceptions contained all the evidence.

The jury were instructed, that if the note was given in pursuance of the arrangement between defendants and Cunningham, above described, all sums paid by defendants for liens, etc., under that arrangement, should

be deducted, and if the total amount thereof exceeded the face of the note, with interest, they should find for the defendants. Verdict for the defendants; new trial denied; and plaintiff appealed from a judgment on the verdict.

*Felker & Weisbrod*, for appellant, contended that it was error to admit evidence of the parol arrangement between Cunningham and defendants, because it tended to vary the legal effect of the note, being an arrangement not to pay Cunningham or the holder of the note, but somebody else; and also tended to vary the effect of the bill of sale, by which Cunningham was merely to warrant and defend *the sale*, and not to pay costs and fees which defendants might have to pay in consequence of their title being "attacked." *Gregory v. Hart*, 7 Wis. 532, 539; *Staines v. Tappan*, 4 id. 362; *Erwin v. Saunders*, 1 Cow. 249; *Payne v. Ladue*, 1 Hill, 116; *Brown v. Hull*, 1 Denio, 400; 5 Pick. 506; 11 id. 417; 1 Blackf. 189; 5 id. 272. 2. To make the non-delivery of the three rafts a set-off to the note, defendants should have shown that they belonged to, and were in possession of, Cunningham at the date of the bill of sale. 3. The answer sets up a conversion of these three rafts. A claim of damages sounding in tort is not allowed as an offset to a claim for damages on contract. 1 Chand. 240; 4 Wis. 277. 4. Defendants did not show that logs cut on Adeline Mosier's land were cut without the consent of the owner.

*Jackson & Halsey* and *Gabe Bouck*, for respondents, contended that the evidence as to the arrangement under which the note was made was admissible: first, because the note was in fact delivered only in *pledge* (2 Hilliard on Mort., appendix, p. 520, sec. 11); secondly, because it is necessary to admit the evidence to prevent a *fraud* upon defendants (*Martineau v. May*, 18 Wis. 54); thirdly, because the *consideration* for a note may be shown (15 Wis. 397; 31 Pa. St. 259, 260; 34 N. H. 414); and fourthly, upon the broad principle that it is com-

petent to show by parol evidence a contemporaneous agreement as to the *manner* in which a note is to be paid. *Jones v. Keyes*, 16 Wis. 562, and cases there cited.

DIXON, C. J.  There was no error in receiving the evidence of the verbal agreement and understanding of the parties at the time of the making of the note. The object was to show a partial or total failure of the consideration for the note; and for that purpose the evidence was admissible. *Peterson v. Johnson*, 22 Wis. 21, was just such a case, and is decisive of the point.

The other objections are as to the set-off of the value of the three rafts alleged not to have been delivered to the defendants in error by Cunningham, in pursuance of his contract of sale, and as to the sum allowed the defendants in error for stumpage paid by them to Adeline Mosier for logs cut upon her lands.

We are inclined to think the construction given to the bill of sale by counsel for the plaintiff in error is correct. If the three rafts did not belong to and were not in the possession of Cunningham at the time of making the bill of sale, then they were not included in it, and no title passed to the defendants in error. The objection of counsel for the plaintiff in error is to the proof upon this point. They say that it was incumbent on the defendants in error to prove that the three rafts belonged to and were in the possession of Cunningham at the time of the sale, and that the defendants in error did not do so. The answer to this objection is, that the bill of exceptions does not state that it contains all the evidence, and without such statement we cannot examine the question.

And the other objection must fail for the same reason. It is said that it was not shown that Cunningham was a trespasser upon the lands of Adeline Mosier, or, if he was, that the logs cut by him upon her land were among those sold to the defendants in error, and therefore they were not justified in paying for the stumpage. It is

obvious that questions of this nature cannot be considered by this court, unless the bill of exceptions contains all the evidence, and it is so certified by the judge who signs it, or stipulated by counsel who tried the cause.

These considerations sufficiently dispose of all the exceptions taken, and show that there was no error committed upon the trial for which the judgment should be reversed.

*By the Court*— Judgment affirmed.

A motion for a rehearing was denied.