SMITH, Sheriff, etc., VS. CARTER and another.

*Costs — Indemnity required from plaintiff in attachment.*

Plaintiff in attachment had judgment against a garnishee, directing him to deliver a certain note to the sheriff, and that the latter bring suit thereon. In the suit on such note, judgment went against the sheriff, that he take nothing, and for costs. On motion to strike out so much thereof as relates to costs. *Held,*

(1) That the sheriff in such cases may always require *indemnity* from the attachment plaintiff, for whose benefit he sues; and *it seems*, therefore, that he should be liable for costs.

(2.) That if the sheriff is "expressly authorized by statute" to bring suit in such a case, within the meaning of Sec. 49, Ch. 133, R. S., judgment should still go against him for the costs, although they are collectable only out of the funds in his hands belonging to the plaintiff in attachment.

APPEAL from the Circuit Court for *Winnebago* county. Motion to modify the judgment entered in this court upon the former hearing. The facts are fully stated in the former report of the case. *Smith*, Sheriff, etc., *v. Carter* and another, 25 Wis., 283.

*Felker & Weisbrod*, for appellant.

*Jackson & Halsey*, and *Gabe Bouck*, for respondent.

DIXON, C. J. This is a motion in the case of *Smith*, Sheriff, etc., *v. Carter* and another, 25 Wis., 283, to amend or modify the judgment entered in this court, by striking out all that part of it which relates to costs, so that no judgment therefor shall be given against the plaintiff and appellant, *Smith*, who prosecuted the action in his capacity of sheriff of Winnebago county, and was defeated in it, both in this court and the court below. A full history of the case will be found in the statement of the reporter, above referred to. Judgment for costs in the usual form, was entered against *Smith*, in this court; and he now makes this motion to be relieved from them. It will be seen from the statement of facts by the reporter, that the attachment

and garnishee creditor recovered judgment in the court below, against the principal debtor, and also against the garnishee, in whose possession the note was; which last judgment directed the note upon which this action was instituted, to be delivered to the present plaintiff, *Smith*, as sheriff of said county, and that he bring suit thereon. This action was thereupon commenced, and prosecuted in pursuance of such order and direction of the court, and of the authority conferred by the statute. R. S., ch. 130, § 54, subd. 4, and § 55. 2 Tay. Sts., 1482, § 57, subd. 4, and § 58. Subdivision four of the section first referred to, enacts: "Until the judgment against the defendant shall be paid, the sheriff may proceed to collect the notes and accounts, and other evidences of debt, that may have been seized or attached by virtue of the writ of attachment, or that may have been delivered up by any person summoned as garnishee, and to prosecute any bond he may have taken in the course of such proceedings, and apply the proceeds thereof to the payment of the judgment and costs." The other section reads as follows: "The actions herein authorized to be brought by the sheriff, may be prosecuted by the plaintiff or under his direction, upon the delivery by him to the sheriff of an undertaking with two sufficient sureties, to the effect that the plaintiff will indemnify the sheriff for all damages, costs and expenses on account thereof, not exceeding two hundred and fifty dollars, in any one action; such sureties shall, when required by the sheriff, justify, by making an affidavit that each is a householder, and worth double the amount of the penalty named in the undertaking, over and above all debts and exemptions." The provisions for instituting like actions by and in the name of the sheriff, before the recovery of judgment in the principal action, are found in section 10, ch. 130, R. S., 2 Tay. Sts., 1471, § 12.

By section 49 of the statute, entitled "Of Costs and Fees," it is enacted: "In an action prosecuted or defended by an executor, administrator, trustee of an expressed trust, or person expressly authorized by statute, costs shall be recovered as in

an action by and against a person prosecuting or defending in his own right, but such costs shall be chargeable only upon or collected of the estate, fund, or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in such action or defense; but this section shall not be construed to allow costs against executors and administrators, where they are now exempt by law." R. S., ch. 133, § 49 ; 2 Tay. Sts., 1534, § 66.

We are not informed whether the plaintiff in this action, *Smith*, was indemnified by the attachment and judgment creditor or not. We are not informed whether any such indemnity was ever demanded by him. If it was, and was refused, on application to the court by him, the creditor would undoubtedly have been directed to furnish the undertaking prescribed by the statute, and until that was done, all the proceedings under the order directing the prosecution of the action, would have been stayed. The court directing any such action to be prosecuted by and in the name of the sheriff, would doubtless feel called upon in all cases to see that the officer was properly indemnified and saved harmless from all costs, losses and expenses of such prosecution. If the sheriff in this case did receive indemnity, that is a sufficient reason why the costs of this action should be adjudged against him. If, on the other hand, he received no indemnity, then it may be clearly said to have been his own fault that he did not. It is true, as his counsel say, that the prosecution of the suit was not a matter of any private or personal interest or advantage to him. It was not a prosecution for his own benefit at all; and that is the reason why he should have asked indemnity, and why it should in all such cases be given. The defendants in this action have been put to just the same trouble and expense to defend, as if the note had been sued by some other person; and their claim to be re-imbursed, and to have their taxable costs and expenses allowed and paid, is just as strong as it would have been in another suit against them upon the note.

But if we take a different view of the question, and examine it as if it depended in part or wholly, as it possibly may do, on the provisions of the statute last quoted, we shall not then find that the plaintiff is entitled to prevail on his motion. It may possibly be a question, whether the plaintiff is "a person expressly authorized by statute" to sue within the meaning of that section. Judgment has been rendered against the plaintiff· in this court, as in an action by him prosecuting in his own right. Assuming the statute to be applicable, it expressly authorized such judgment. In *Knox v. Bigelow*, 15 Wis., 415, it was assumed, or not questioned, that such was the proper form of judgment, though the statute provides that "such costs shall be chargeable only upon or collected of the estate, fund, or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in such action or defense." In *Knox v. Bigelow* the defendant applied to this court for an order directing the costs to be paid by the plaintiff personally, which application was refused. If this case is within the latter statute, and if the execution to be issued must contain a direction in or have a notice indorsed upon it, that the same shall be "collected of the estate, fund, or party represented," then clearly the plaintiff is not entitled to the relief asked. In that case, if he has any funds belonging to the party represented, he should pay them over; but if he has none, then he will not suffer by the judgment. We do not decide, as of course, that the case is within or should be governed by the latter statute; but, assuming it to be, we have examined far enough to ascertain in that view that the motion should be denied.

*By the Court.*— Motion denied.