Hei, Adm'r, vs. Heller.

<hr/>

HEI, Administrator, ·vs. HELLER.

*November 3 — November 22, 1881.*

CONTRACTS: EVIDENCE. *(1) Rule as to parol evidence to add to written contract. (2) Case stated.*

JUDGMENT: COSTS. *(3) Form of judgment for costs against administrator, etc.*

| | |
|---|---|
| 53 | 415 |
| 83 | 552 |
| 53 | 415 |
| 90 | 205 |
| 53 | 415 |
| 93 | 572 |
| 53 | 415 |
| 95 | 367 |
| 53 | 415 |
| d110 | ²432 |
| 53 | 415 |
| 117 | ¹475 |

1. Where a contract is reduced to writing, which purports to contain the whole contract, and it is not apparent from the writing itself that anything is left out to be supplied by extrinsic evidence, parol evidence to vary or add to its terms is not admissible.

2. Thus, where a deed of land purported to be in consideration of $1,000, payable in installments according to the conditions of a bond secured by mortgage of the land, and in the body of the deed was an agreement by the grantee to furnish the grantors (his parents) certain supplies, etc., during their natural lives: *Held*, that it was error to admit oral evidence in the grantee's behalf to show that, at the time of the execution of such deed, he purchased of his father the chattels here in dispute, and that they were a part of the consideration for his agreement in the deed, and of his bond and mortgage there mentioned.

3. The proper construction of sec. 2932, R. S., is, that in an action by or against an administrator or other trustee, where judgment for costs goes against such trustee, it should, in a proper case, contain a formal direction for payment of the costs out of the trust estate.

APPEAL from the Circuit Court for *Fond du Lac* County. Action for the conversion of certain "goods, chattels and promissory notes," alleged to belong to the estate of plaintiff's intestate. The case will sufficiently appear from the opinion. The jury found specially that the defendant had the property in dispute in his possession when the action was commenced, and had refused to deliver it on plaintiff's demand; that plaintiff's intestate, Carl Heller, was owner of the property prior to April 3, 1876; and that on that day he sold it to the defendant, *August Heller*, "for taking care of his parents according to agreement." They also found the value of the property. The court rendered judgment dismissing the complaint on the merits, from which plaintiff appealed.

For the appellant there was a brief by *A. G. Randall*, his attorney, with *Thos. W. Spence*, of counsel, and oral argument by *Mr. Spence*.

The cause was submitted for the respondent on the brief of *Henry J. Gerpheide*.

ORTON, J. On the third day of April, 1876, Carl Heller, since deceased, and his wife, Wilhelmina, executed a warranty deed of certain lands therein described to their son *August Heller*, the defendant, in consideration of $1,000, which, according to a certain bond executed at the same date by the said *August*, secured by a mortgage on the land, was to be paid in installments — the first, of $200, payable on the third day of April, 1878, and the other, of $800, on the third day of April, 1887. In the body of said deed was the agreement of said *August* to furnish to the said Carl Heller and wife, each year during their natural lives, certain provisions, hay and fire-wood, the free use and occupancy of a small dwelling-house situated on a part of the premises, and of one acre of land, to be cultivated for them, and the use of the horses on the farm when not needed for field work, harvesting, etc.

On the third day of November, 1876, the said Carl Heller

died intestate, and on the third day of April, 1879, the plaintiff was appointed the administrator of his estate. At the time of his death, his son *August*, the defendant, lived with him on the farm, and afterwards a large amount of personal property, consisting of cattle, horses, hogs, sheep, hens, wagons, sleigh, reaper, plow, cultivators, fanning mill, grain, hay, potatoes, wood and household furniture, of the value of $1,250, then on said farm, which formerly belonged to his father, was found in his possession. To the complaint for the delivery of this property as a part of the estate of Carl Heller, deceased, the defendant answered substantially that he purchased it of his father at the time of the execution of said deed, and as a part of the consideration of his said agreement in said deed, and of said bond and mortgage, and as a part of the same transaction; and he was allowed by the circuit court to prove such facts, against the objection of the plaintiff. That this evidence was so allowed and permitted is the error complained of on this appeal; and the learned counsel of the appellant insists that this evidence changed, varied and added to the terms of the deed, agreement and bond and mortgage which constituted the written evidence of the whole transaction, and was therefore inadmissible for such purpose.

It will be observed that it cannot be claimed that this property is a part of the consideration of the deed, and therefore may be shown by parol; for the title to it comes from the same source as the title to the land, so that the claim of the defendant must be that, in addition to the land conveyed by the deed, this personal property constituted a part of the consideration of the agreement in the deed, and of the bond and mortgage.

To authorize the admission of parol evidence to prove that the purchase of this personal property by the respondent constituted a part of the consideration of his agreement to provide for the support of the deceased and his wife during life, and of his $1,000 bond and mortgage to his father, in addition

to the conveyance of the land, the principle is invoked, "that when only part of an entire agreement is reduced to writing, the residue may be proved by extrinsic evidence." To make such principle applicable, it must appear from the writings themselves that the whole agreement was not reduced to writing, and that the writings are incomplete to express the entire agreement. This is as well illustrated by the two cases decided by this court, cited by the learned counsel of the respondent in order to establish the right to prove by parol in this case the consideration not expressed in the writings, as in any which can be found.

In *Farmers' Loan & Trust Co. v. Commercial Bank of Racine*, 15 Wis., 440, it was sought to show that certain railway chairs, not used in the construction of the railway, passed by certain mortgages on the road and its equipments, which failed to express such an intention; and his honor, the lamented Judge PAINE, says in respect to it: "But it must be borne in mind that it is not the business of construction to look outside of the instrument to get at the intention of the parties, and then carry out that intention whether the instrument contains language sufficient to express it or not."

In *Ballston Spa Bank v. Marine Bank*, 16 Wis., 120, it was allowed to show what was the consideration of a certain receipt where the consideration was not expressed in it, and Chief Justice DIXON says in respect to it: "The contract upon which the transfer was made, or rather the consideration of it, is entirely omitted. . . . If we look upon the receipt, we cannot say what was the consideration for the deposit; hence, to prove that the securities were given in ·consideration of further time upon the principal debt, does not vary or contradict the terms of the receipt."

It is clear, from all authorities on the question, that when the contract is reduced to writing, and the writing purports to contain the whole contract, and it is not apparent from the writing itself that anything is left out to be supplied by ex-

trinsic evidence, parol evidence to vary or add to its terms is not admissible. The two authorities above cited are clearly analogous in asserting this principle, and the difference between them makes it the more apparent in its application. In the first, the property described in the mortgages appeared to be all intended to be mortgaged by their terms, and therefore other property could not be brought within them by parol evidence. In the latter, the receipt did not express the consideration at all, and therefore it could be proved or supplied by parol evidence. In this case the consideration and the whole of it is expressed in the writings, and it does not appear to be imperfect or inadequate. The consideration sought to be shown by parol evidence is very important and of large amount, which the parties would not be likely to omit from the writings if intended to be a part of the agreement.

Without referring to the numerous and uniform decisions of courts elsewhere to justify the exclusion of the evidence allowed in this case to vary, contradict and add to the terms of the written instruments introduced by the plaintiff, it is sufficient to refer only to our own decisions of the question, which are too numerous to be specifically noticed. We will therefore cite only one more, and that a late case, in which the doctrine is very ably and exhaustively examined and applied to facts closely analogous to those of this case, by Mr. Justice LYON. In *Hubbard v. Marshall*, 50 Wis., 322, there was a contract in writing for the conveyance of timber on certain land, and for certain other lands, on the performance of certain conditions named therein. It was sought to prove a contemporaneous agreement in parol, providing for a deduction to be made for any deficiency in the amount of the timber or lumber on the lands described, at the rate of $2.50 per 1,000 feet, in diminution of the consideration to be paid therefor. Even that was not allowed, because the written contract professes to contain all of the conditions and terms of the con-

tract made between the parties, and is free from ambiguity and uncertainty.

The circuit court erred in allowing the parol evidence to be introduced in this case to show that the personal property sought to be recovered in the action passed by a sale of it to the defendant from the deceased as an additional consideration of the agreement to support the deceased and his wife during their lives in the manner stated, and of the bond and mortgage, because their full consideration was expressed in the writings, and such writings appear to be full and complete, and not deficient in any particular. The finding of this fact by the jury, upon such inadmissible evidence, did not, therefore, warrant the judgment for the defendant, and for that reason it must be reversed.

It may not be strictly necessary to decide the question raised as to the form of the judgment in such a case, against the plaintiff for costs; but, it being one which may likely arise in other cases where the plaintiff sues in a representative capacity, as administrator, etc., we deem it proper to decide it.

There may be some discrepancy, if not contradiction, in the cases cited, of *Knox v. Bigelow*, 15 Wis., 415, *Smith v. Carter*, 30 Wis., 424; *Woodward v. Howard*, 13 Wis., 557; and *Lightfoot v. Cole*, 1 Wis., 36. The two latter cases seem to have been decided in analogy to cases in New York and other states, as well as by authority of our own statute; and in them judgment *de bonis propriis* is reversed, and judgment *de bonis testatoris* is held to be the proper form. The two first-mentioned cases seem to have been decided by a construction of the statute alone, but without any reference to the two former decisions; but the question is treated as a matter of mere form, and the principle is sanctioned that in all cases where the administrator or trustee sues strictly in his representative right and in good faith, the judgment against him for costs as a party in form should be paid out of the estate. To now settle

the question beyond further dispute, we reäffirm the first decision on this question, and we hold also that the present statute (section 2932, R. S.) should be so construed as to require the judgment in form, in a proper case, to be against the party as administrator, trustee, etc., to be chargeable upon and collected out of the estate, fund, or party represented, and that such direction should be inserted in the judgment itself.

We think that statute was intended to direct that judgment for costs should be rendered against a trustee, in all cases, "as in an action by and against a person prosecuting and defending in his own right," and not that form of the judgment; and that it was intended to direct that such judgment should contain a direction making such costs chargeable on the estate, fund, or person represented, in cases of good faith. This seems to be the most natural and reasonable construction, and according to the practice in many of the states having a similar statute; and this has been in fact the uniform practice in this court when judgment for costs in form is rendered against an administrator, executor, etc., in a proper case. We therefore hold that this judgment for costs against the plaintiff, without this direction, is erroneous.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.