Scholz, Respondent, vs. Dankert and another, imp., Appellants.

*September 23 — October 11, 1887.*

*Evidence by parol to vary lease.*

In an action upon a written lease to recover the rent reserved, parol evidence is not admissible to show that at the time, and as one of the considerations to induce the defendants to execute the lease, the plaintiff promised and agreed not to engage in the butcher business in the same block, during the term of the lease, and had failed to keep that promise.

APPEAL from the County Court of *Milwaukee* County. The facts are fully stated in the opinion.

The cause was submitted for the appellants on briefs by

*Turner & Timlin*, and for the respondent upon the brief of *Austin, Runkel & Austin*.

For the appellants it was argued that the evidence offered and rejected was competent, as tending to show an independent agreement, in part founded upon the same consideration. *Bonney v. Morril*, 57 Me. 368; *Basshor v. Forbes*, 36 Md. 154; *Carr v. Dooley*, 119 Mass. 294. A consideration additional to that recited in a conveyance may be shown by parol. *Kickland v. Menasha W. W. Co.* 68 Wis. 34.

For the respondent it was contended that parol evidence to vary or add to a writing is inadmissible, when that purports to contain the whole contract. *Naumberg v. Young*, 44 N. J. Law, 331; *Crane v. Elizabeth Lib. Asso.* 20 id. 305; *Dutton v. Gerrish*, 9 Cush. 89; *Chapin v. Dobson*, 78 N. Y. 74; *Eighmie v. Taylor*, 98 id. 288; *Thompson v. Libby*, 34 Minn. 374.

TAYLOR, J.   This action was commenced in justice's court to recover one month's rent upon a written lease executed by a part of the appellants as lessees, and by the other appellants as the sureties of the lessees for the payment of the rent.   There was no dispute as to the amount due upon the lease. The action was originally commenced against the sureties alone.   Upon the trial in the justice's court, judgment was rendered in favor of the defendants, and the plaintiff appealed to the county court.   In that court the lessees were made co-defendants in the action.   The appellants *Dankert* and *Michels* set up in said county court several matters in defense of the action, none of which were attempted to be proved on the trial.   The same defendants also set up a counterclaim to recover damages for the breach of an alleged contract made by the plaintiff with the said defendants.   Upon the trial in the county court the defendants offered evidence tending to prove their alleged counterclaim.   This evidence was objected to by the plaintiff, and

ruled out by the court. This ruling by the court is the only error alleged by the appellants upon the hearing of the appeal in this court.

The counterclaim set up in the answer is stated as follows: "And for a further answer to said complaint, and by way of counterclaim, the defendants *Dankert* and *Michels* alleged that at the time of the execution of the lease in said complaint mentioned, and as one of the considerations to induce said last-named defendants to execute the same, the plaintiff promised and agreed not to engage in the butcher business, during the life of said lease, in block 105 in the Fifth ward of the city of Milwaukee, Wis.; that the plaintiff failed to keep said promise and agreement, but, on the contrary, established a butcher shop on the premises adjoining those of these defendants on or about the 15th day of March, 1886, to the damage of these defendants in the sum of $3,000, which said sum is now due and owing. Wherefore the said defendants *Dankert* and *Michels* ask judgment on their counterclaim," etc.

The parol evidence offered by the appellants on the trial in the county court tended to prove the agreement as set forth in the counterclaim. It was objected to by the respondent as incompetent, and ruled out by the court. The counsel for the defendants made the following statement to the court: "We offer to prove by this witness [*Mr. Dankert*] that the parties leasing these premises from the plaintiff bought out his butcher business in which he was engaged on the same premises up to the time of making the lease, and succeeded him in the business. That at the time of making this lease it was agreed by the plaintiff, in consideration of the purchase of that business, and of the lease by the defendants for $30 per month of those premises, that he would not engage in the butcher business in the same block or vicinity during the life-time of the lease." Several questions were afterwards put to the witness in order to

elicit evidence tending to establish the proposition stated by counsel for the appellants, and all said questions were objected to generally by the plaintiff, and the objections were sustained by the court. To these rulings of the court exceptions were duly taken by the appellants. The ground upon which the evidence was excluded was that the alleged agreement was made at the time the negotiations for the lease were pending, and was a part of such negotiations; that, such alleged contract not being embodied in the written lease afterwards executed, the evidence is incompetent because it tends directly to vary the terms of such written lease.

The majority of the members of this court are of the opinion that the learned county judge properly excluded the offered evidence, and hold that the evidence offered does tend to add to and change the terms of the written lease; that this case is clearly within the rule laid down by this court in *Hubbard v. Marshall*, 50 Wis. 322; *Hei v. Heller*, 53 Wis. 415, and other cases of like character.

*By the Court.*— The judgment of the county court is affirmed.

