## EFFORT TO ENGRAFT A PAROL AGREEMENT UPON A WRITTEN CONTRACT.

Circuit Court of Cuyahoga County.

THE WESTERN MINERAL WOOL & INSULATING FIBRE COMPANY v. THE ILLINOIS STEEL COMPANY.*

Decided, February 23, 1903.

*Evidence—When Parol Evidence Not Received to Show Collateral Contract.*

Where a settlement of claims for rent and other matters growing out of the terms of a lease, containing a provision for the removal by the lessee of buildings and machinery especially adapted for the manufacture of mineral wool by a patented process owned by the lessee, was made by the lessee giving the lessor a promissory note and a conveyance of said buildings and machinery and the terms and conditions of said settlement were evidenced by a contract in writing; in an action on the note between the original parties evidence will not be received that at the time said written contract was entered into, a parol agreement was made between the parties that the lessor should not use said buildings and machinery for the manufacture of mineral wool by said patented process.

---

*Affirmed without opinion, *Western Mineral Wool Co.* v. *Illinois Steel Co.*, 71 Ohio State, 498.

*Hessenmueller & Bemis* and *J. J. Hogan*, for plaintiff in error.
*M. B. & H. H. Johnson*, contra.

WINCH, J.; HALE, J., and MARVIN, J., concur.

The Illinois Steel Company brought suit in the common pleas court against the Western Mineral Wool & Insulating Fibre Company to recover on a promissory note for $500 executed by the latter and payable to the former. After the bringing of the action the wool company made an assignment for the benefit of its creditors to A. A. Bemis, who qualified as such and filed an answer and cross-petition in which he pleaded a failure of consideration for the note and charged that the true consideration for said note was the promise upon the part of the steel company not to engage in the manufacture of mineral wool by what was known as the "Rockwell Process" which process was patented and used, owned and controlled by the wool company, which promise on the part of the steel company has been broken.

By way of counter-claim the assignee also alleged breach of said contract and averred that the steel company did engage in the manufacture of mineral wool by said "Rockwell Process" and placed the same upon the market at one-half the price theretofore obtained for it, thus ruining its business, to its damage in the sum of $50,000. General denials to the answer and counter-claim were filed.

The steel company maintained that the note was given pursuant to a written agreement between the parties, which recited that the wool company was the owner of certain buildings and machinery located on certain premises belonging to the steel company, but leased to the wool company under a lease providing for the removal of said buildings and machinery by the lessee; that certain differences had arisen between the parties and that it was claimed that the wool company was indebted to the steel company for certain rents and other matters growing out of the provisions of said lease, which claims were disputed by the wool company; that for the purpose of the settlement of all differences in consideration of the acceptance by the steel company of a transfer and conveyance of said buildings and machinery and of the note of the wool company for $500 in full of all claims and

demands to date against the wool company, the latter sold and conveyed said buildings and machinery to the steel company, "it being understood and agreed that by the transfer of the buildings and machinery named in this instrument, the Illinois Steel Company acquires no rights of any kind or value under the patents of Charles H. Rockwell and by him assigned to the Western Mineral Wool & Insulating Company."

The wool company claimed and offered to prove at the trial at the time of said written contract was entered into a parol agreement between the parties was made that the steel company would not use said buildings and machinery for the manufacture of mineral wool by the "Rockwell Process" that said parol agreement was collateral to and distinct from the written contract between the parties and was part of the consideration for said note and the transfer of said property; that the note would not have been given or the property conveyed, but for this parol agreement on the part of the steel company; that the steel company had violated this parol agreement and thereby not only had the the consideration of the note failed, but the wool company had been greatly damaged.

It is conceded that if the steel company used the "Rockwell Process" and manufactured mineral wool by it and the process was protected by patents owned by the wool company the latter would have its remedy for such infringements in the federal courts, but to bring the matter within the jurisdiction of the state courts a contract between the parties that one would not use the other's patented process must be proved.

Most of the testimony offered to prove the parol agreement, its breach and the damages arising therefrom was ruled out by the trial court, and this ruling, as well as the charge of the court with reference to this parol contract are assigned as errors by the wool company.

To the general rule that parol evidence will not be received to add to, take from or vary the terms of a written agreement there is the exception that parol agreements may be proved when they are collateral to and distinct from the written agreement, although made in consideration of the execution of the written document.

The cases illustrating this exception show that it is very difficult to determine with precision any satisfactory and definite line of demarcation between the classes of cases in which parol evidence is admissible and those in which it is not, where the parties have made a written contract in reference to the general subject of agreement between them.

By the written contract in this case it appears that the general subject of agreement between the parties was the settlement of claims made by the steel company against the wool company. That to settle these claims the wool company gave its note and conveyed certain property to the steel company. The statement in the written contract that by said instrument the steel company acquired no rights in the Rockwell patents was clearly intended only to rebut the presumption that having conveyed machinery especially adapted to use in a patented process, the right to use the process went with it.

If the parties at the time were also contracting about another matter distinct from the settlement of their accounts, certainly no other consideration was moving to the wool company than the settlement of their accounts. To engraft this parol agreement upon the written contract would limit the use to which the property conveyed could be put to by the steel company. It would add to and vary its terms.

It was an unnecessary thing to do, as by its patents the wool company was sufficiently protected against the use of the property by the steel company, to manufacture mineral wool under the Rockwell Process. It can not be apprehended that at that time the wool company desired to make a deliberate choice of the state courts in which to litigate any future controversy as to the future use of the property conveyed when it had its protection and remedy in the federal courts.

The parol agreement has some of the features of an agreement not to engage in a certain business. The following authorities are in point, as to such agreements:

"Where the consideration of a promissory note consisted in part of the price of a fish stand, which had been paid and endorsed, and in part of an agreement on the part of the payee not to engage in the fish business for a year in competition with

the promisor and the terms and conditions of the sale were evidenced by a contract in writing, which contained nothing relative to the good will of the business, it was held, in an action on the note between the original parties that the promisor could not prove, in his defense, that at the time of the sale a verbal contract was made between the parties, that the payee would not engage in the fish business for a year, and that this agreement had been violated.'' *Wilson* v. *Sherburne*, 6 Cush., 68.

''In an action upon a written lease to recover the rent reserved parol evidence is not admissible to show that at the time, and as one of the considerations to induce the defendants to execute the lease, the plaintiff promised and agreed not to engage in the butcher business in the same block during the term of the lease, and had failed to keep that promise. *Scholtz* v. *Dankert*, 69 Wis., 416.

''If a written contract is entered into by which one person promises to give another 'a lease and full possession of his stock and store for the term of five years at a yearly rent as understood by both' for which a certain sum as bonus and also a market price for the stock are agreed to be paid, parol evidence is incompetent to show that this was executed only as a memorandum and partial statement of the agreement, for special purpose, and that another independent oral agreement was made at the same time and upon the same consideration that the seller should not engage in similar business within five years.'' *Doyle* v. *Dixon*, 12 Allen, 576.

Plaintiffs in error cite and rely upon the case of *Welx* v. *Rhodius*, 87 Ind., 1, which case is similar to the cases above referred to, but contrary to them in its conclusions. The Indiana case appears to have followed the doctrine laid down in English authorities, which authorities have been much criticized in American cases as carrying the doctrine of the admissibility of parol evidence where there is a written agreement between the parties, to an extreme length. *Laumberg* v. *Young*, 43 American Rep., 380.

Judgment affirmed.