58 591
83 552

Ladd, Administrator, etc., vs. Anderson.

*October 27 — November 20, 1883.*

*Judgment against administrator,* de bonis propriis.

1. A judgment for costs against an executor, administrator, trustee, etc., which contains no direction making it chargeable against the estate, fund, or party represented, is a judgment *de bonis propriis.*

2. Such a judgment is unauthorized unless the representative is affirmatively shown to have been guilty of mismanagement or bad faith.

3. The mere failure of one who sues in a representative capacity to appear when the cause is called for trial raises no inference of mismanagement or bad faith.

APPEAL from the Circuit Court for *Door* County.

Ejectment for land alleged to belong to the estate of plaintiff's intestate. The complaint is in the usual form. The defendant answered a general denial. The cause was called for trial in its regular order on the calendar of the circuit court. The plaintiff failed to appear, whereupon the following judgment was rendered by the court: "This action having been called in open court for trial, and the plaintiff not answering to said call, now, therefore, on motion of O. E. & Y. V. Dreutzer, attorneys for the above-named defendant, it is ordered and adjudged that a judgment of nonsuit be, and the same is hereby, rendered against the above-named plaintiff, and that the defendant herein have and recover of the plaintiff $54.30, his costs of this action." The plaintiff appealed from the judgment.

For the appellant the cause was submitted on the brief of *Jackson & Thompson.*

For the respondent there was a brief by *O. E. & Y. V. Dreutzer*, as attorneys, and *John J. Tracy*, of counsel, and oral argument by *Mr. O. E. Dreutzer.*

LYON, J. There is no material difference between the judgment in this case, and the judgments in *Lightfoot v. Cole*, 1 Wis., 36; *Woodward v. Howard*, 13 Wis., 557, and *Hei v. Heller*, 53 Wis., 415. In all of these cases it was held that a judgment in the form of that in the present case is one *de bonis propriis*, and not *de bonis testatoris*. In the latter case, sec. 2932, R. S., was construed, and it is there held that in the cases mentioned in the statute, although the judgment should be in form against the party prosecuting or defend-

ing as administrator or trustee, yet to make the estate or person represented liable therefor, the judgment itself must contain a direction to that effect.

There are, doubtless, other cases in this court which conflict somewhat with the cases above cited. To those referred to by Mr. Justice ORTON in *Hei v. Heller, supra,* may, perhaps, be added the case of *Wolf v. Schaeffner,* 51 Wis., 53, which is much relied on by the learned counsel for the defendant. Whatever discrepancy there may be in former adjudications on the subject, the court intended, in *Hei v. Heller,* to lay down the rule which should thereafter govern the construction of the statute and of judgments rendered pursuant thereto. We are not willing to disturb the rule thus definitely established. This judgment contains no direction making it chargeable upon the estate of plaintiff's intestate. It is therefore a judgment *de bonis propriis.* The court can probably give such a judgment only in a case where the administrator or trustee has been guilty of mismanagement or bad faith. Sec. 2932, *supra.* The record before us contains no suggestion that the plaintiff had thus rendered himself chargeable with the costs. The presumption is that he had not. True, he failed to appear when the cause was called for trial, but that, of itself, raises no inference either of mismanagement or bad faith. The judgment shows on its face that it rests *solely* upon the failure of the plaintiff to appear when the cause was called for trial. To uphold the judgment, it should have been shown affirmatively that such failure was the result of bad faith, or of such negligence as amounts to bad faith or mismanagement.

*By the Court.*— The judgment is reversed, and the cause remanded with directions to the circuit court to render judgment of nonsuit against the plaintiff, *de bonis testatoris.*