BORCHERT, Special Administrator, Respondent, vs.. BOR-
CHERT and others, Executors, Appellants.

*November 17—December 7, 1909.*

*Contracts: Rescission: Joint wrongdoers: Death of one: Judgment
against representatives: Form: Necessary parties.*

1. In an action for rescission of an executed contract induced by fraud and undue influence, where one of the defendants dies and his executors are substituted, the court should find what part, if any, of the money or property wrongfully·taken under the contract was received by the deceased wrongdoer, and judgment may be rendered against the executors for that amount only, with an express direction that it be collected only out of their testator's estate.

2. The executors in such a case are necessary parties to the action so far as it seeks to rescind or annul a contract to which their testator was a party, but the judgment, if any, against them should be *de bonis testatoris*, not *de bonis propriis*.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Modified and affirmed.*

For the appellants there was a brief by *Houghton, Neelen & Houghton,* and oral argument by *F. W. Houghton.*

For the respondent there was a brief by *Rubin & Zabel,* and oral argument by *W. C. Zabel.*

TIMLIN, J.   This action was before the court on demurrer to the complaint and is reported in 132 Wis. 593, 113 N. W. 35.   After remand the case was tried and the court below made findings of fact, from which it appeared that Wilhelmine Borchert died April 5, 1906.   Her husband, Wilhelm Borchert, died October 1, 1906.   The plaintiff was appointed special administrator of the estate of Wilhelmine Borchert on October 25, 1906, and brought the action to rescind the contract executed February 20, 1906, by Wilhelm and Wilhelmine Borchert to *Fred Borchert* and Anna, his wife, for the support by the latter of the former in consideration of a conveyance of the property of the former, and also to recover back that property.   It was found that Wilhelmine, on and prior to February 20, 1906, owned household furniture of the value of $100, a certain lot, afterward and during her lifetime sold by her for $400, and a mortgage for the amount of $1,100.   But her entire estate was in all of the value of $1,500.   The lot must therefore have been sold for $100 more than its real value.   It was also found that at the time of the execution of this contract and the transfer of the property in consideration thereof, Wilhelmine Borchert was about seventy-eight years of age and incapable and incompetent to conduct any transactions of her own free will and understanding or to resist any undue influence or persuasions.   *Fred Borchert* and Anna, his wife, by means of undue influence, solicitation, and persuasion, induced the making of the contract and the transfer of the property from Wilhelmine.   The mortgage held by Wilhelmine was upon certain property conveyed by her to *Louis Borchert,* the plaintiff, and *Louis* paid this mortgage to *Fred* in March, 1906, before the death of Wilhelmine,

and *Fred* also received the avails of the lot sold.    After making the contract *Fred Borchert* and Anna, his wife, furnished Wilhelmine and Wilhelm Borchert support, paid funeral expenses, erected a monument, disbursed money for medical attendance and medicine, in all amounting to $550.25.    The court concluded that the contract of support should be rescinded, and the property transferred or money received in consequence of such transfer should be recovered by the administrator, subject to a reduction by said sum of $550.25. Anna Borchert died pending the litigation, and the defendants *Louis Kandler* and *Fred Borchert* were on November 8, 1907, duly appointed executors of her estate, and by order of the circuit court substituted as defendants in this action in place of Anna Borchert, deceased.    Conclusion of law "that the plaintiff therefore have judgment against the said defendants for the sum of $1,600, with interest thereon, with the costs and disbursements of this action, less the sum of $550.25 allowed said defendants, as hereinbefore stated, and that the agreement hereinbefore set forth be canceled, set aside, and declared null and void."    The judgment followed this finding and adjudged "that the defendants pay to plaintiff the sum of $1,369.33."

It is vigorously contended that the finding of mental incapacity and undue influence is not supported by evidence. We have examined the evidence with great care and cannot uphold this contention with respect to the mental incapacity of Wilhelmine.    The plaintiff is special administrator of the estate of Wilhelmine Borchert and asserting her rights and not those of Wilhelm.    She owned the property transferred, although her husband, Wilhelm, was a party to the contract. The incapacity of Wilhelmine is therefore the principal inquiry rather than the incapacity of Wilhelm.    We cannot undertake to restate the evidence.    It is not clear nor positive in many respects, but there seems to be sufficient to support the finding of the trial court in this respect.    It requires quite a

strong case of lack of evidence to induce this court to reverse a finding of the trial court which apparently proceeds on no mistake of law, and it is not sufficient that the evidence appears to us to have warranted a different conclusion.

But the judgment against the executors of Anna Borchert is clearly error. The judgment is in form *de bonis propriis,* and could be all collected out of the individual property of the executors. In such case, where two persons jointly commit a tort, fraud, or wrong, and the right of action therefor survives, and afterwards one of these wrongdoers dies and his executor or administrator is substituted as defendant, the judgment at law cannot ordinarily be a joint one against the surviving wrongdoer and the executor or administrator of the other wrongdoer, deceased. In a suit in equity for rescission like this the court should find what part, if any, of the money or property wrongfully taken was received by the deceased wrongdoer, and judgment may be rendered against the executor or administrator only for such amount with express direction that it be collected only out of the estate represented. *Ladd v. Anderson,* 58 Wis. 591, 17 N. W. 320, and cases cited; and see *Eisentraut v. Cornelius,* 134 Wis. 532, 115 N. W. 142, and *Limited Inv. Asso. v. Glendale Inv. Asso.* 99 Wis. 54, 74 N. W. 633. There is no evidence that Anna Borchert, deceased, received in her lifetime any of the money or property in question. Her executors were necessary parties to the action, so far as the action sought to rescind or annul the contract to which she was a party, and a judgment *de bonis testatoris* against them would have been proper for such amount as the evidence showed had come into her hands, but not this form of judgment.

The evidence shows that the money and property in question, the consideration of the rescinded contract, was received by *Fred Borchert,* her codefendant. Consequently the judgment of the circuit court must be modified to the extent that the repayment of the sum there awarded be made by *Fred*

*Borchert* alone, and the executors defendant be also relieved from their liability for costs of the court below, under the rule of *Ladd v. Anderson, supra,* and in other respects affirmed.

*By the Court.*—The judgment of the circuit court for Milwaukee county is modified so that the same shall constitute a judgment against *Fred Borchert* for damages and costs there stated, and not against the executors or either of them for any sum, and as so modified it is affirmed. The respondent shall recover usual costs in this court, except clerk's fees, against *Fred Borchert,* and the executors shall recover costs of this court against respondent, consisting of the usual attorney's fees, the cost of printing brief, and the fees of the clerk.