

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Roy Sansing
County Attorney
Lipscomb County
Higgins, Texas

Dear Sir:

Opinion No. O-678
Re: A suit for taxes, accruing
both prior to and after the
death of decedent, may be
maintained against an estate
without first presenting a
claim to the administrator
or executor.

This is in answer to your inquiry in which you ask the
following questions:

"1. Does the district court have original juris-
diction to try delinquent tax suit and foreclose tax lien
on land against an estate for delinquent taxes that have
accrued prior to the death of the deceased, where no
claim had been presented to the administratrix for approval
or rejection?

"2. Does the district court have original jurisdiction
to try delinquent tax suit and foreclose tax lien on land
against an estate for delinquent taxes that have accrued sub-
sequent to the death of the deceased, where no claim had been
presented to the administratrix for approval or rejection?

"3. Does the district court have original juris-
diction to try delinquent tax suit and foreclose lien upon
land for delinquent taxes against an estate that has an
acting administratrix, without first presenting a claim
for the taxes to the administratrix for approval or rejec-
tion, where it is shown that part of the taxes involving
the suit accrued prior to the death of the deceased and
part subsequent to the death of the deceased?

"4. Does the district court have original juris-
diction to try delinquent tax suit for foreclosure of tax
lien on land against an estate, with a qualified and acting
administratrix, without first presenting a claim for ap-
proval or rejection, where it is shown that six mortgagees'
interests were involved?"

As we understand the facts in the case you ask about, an administration is pending in the case of an estate in which there are taxes due on land belonging to the estate that accrued both prior to and after the death of the decedent.

At the outset we are confronted with the general rule that before a suit can be filed against an executor or administrator for a claim for money owed by the decedent that said claim must first be presented to the executor or administrator and they fail or refuse to pay the same. Jenkins v. Cain, 72 Tex. 88, 10 S. W. 391; Tolivar v. Lombardo, (Ct. Civ. App.) 88 S. W. 733; and 14 Tex. Jur. 28, 107, 112. The same general rule applies to claims for money that are secured by mortgages or other liens. Buchanan v. Wagnon, 62 Tex. 375; R. L. White Co. v. Stout, (Ct. Civ. App.) 102 S. W. (2d) 1065 (error dismissed). These rules are by virtue of Articles 3509, 3522, 3528, 3530, Revised Civil Statutes of Texas, which read as follows:

"Art. 3509. All claims for money against a testator or intestate shall be presented to the executor or administrator within one year after the original grant of letters testamentary or of administration, otherwise the payment thereof shall be postponed until the claims which have been presented within one year and allowed by the executor or administrator and approved by the county judge have been first entirely paid.

"Art. 3522. When a claim for money against an estate has been rejected by the executor or administrator, either in whole or in part, the owner of such claim may, within ninety days after such rejection, and not thereafter, bring suit against the executor or administrator for the establishment thereof in any court having jurisdiction of the same.

"Art. 3528. The provisions of this chapter respecting the presentation of claims shall not be so construed as to apply to the claim of any heir, devisee or legatee when claiming as such, nor to any claim that accrues against the estate after the granting of letters testamentary or of administration for which the executor or administrator has contracted .

"Art. 3530. No judgment shall be rendered in favor of a claimant upon any claim for money which has not been legally presented to the executor or administrator, and rejected by him, either in whole or in part."

By virtue of Article 3528 those taxes that did not become due until after the administrator was appointed would not have to be presented to the administrator before suit could be maintained. See Adriance v. Crews, 45 Tex. 181, and Atrip v. Hinkle, (Ct. Civ. App.) 258 S. W. 860.

As to the taxes that became due prior to the appointment of the administrator your questions are more difficult. We must decide whether or not a claim for taxes is an exception to the general rule stated above. We are unable to find any Texas appellate court cases on the question.

The statutes quoted above are not statutes of limitations (Gaston v. Boyd, 52 Tex. 282; Whitmire v. Powell, (Tex. Civ. App.) 117 S. W. 433); but Article 3509 puts certain time restrictions on everyone who has a claim for money against the estate. We think the same reasons that are given for a statute of limitations not running against the State also apply in this case. The state should not be bound by these statutes any more than it is bound by a statute of limitations. Under the discussion of "limitation of actions" in 17 Ruling Case Law 967, 970, we find the following:

"It is a maxim of great antiquity in the English law that no time runs against the crown, or, as it is expressed in the early writers, nullum tempus occurrit regi. The reason sometimes assigned why no laches shall be imputed to the king is that he is continually busied for the public good, and has no leisure to assert his rights within the period limited to his subject. But a better reason is the great public policy of preserving public rights and property from damage and loss through the negligence of public officers. . .

\* \* \*

"The general principles as to the immunity of the sovereign from laches and statutes of limitation which arose in England have been applied in reference to the statutes of the American union. Statutes of limitations do not apply to a state when suing in its sovereign capacity, unless the statute provides to the contrary, or unless the state is necessarily included by the nature of the mischiefs to be remedied. . . ."

This rule, and all of its reasons, has been adopted by the Texas courts. Brown v. Sneed, 77 Tex. 471, 14 S. W. 248; and Waters-Pierce Oil Co. v. State, 48 Tex. Civ. App. 162, 106 S. W. 918.

It is a fundamental rule of law, aside from the provisions in the Constitution, that all property should be taxed uniformly, and everyone should bear their tax burdens equally with everyone else. Mullins v. Colfax Consolidated School District, 18 S. W. 2nd 940. We do not believe it was intended by the law-makers that the State should be subjected to certain procedural difficulties in collecting taxes in those cases where the tax debtor dies, and thereby run the risk of the debtor's property escaping its just share of taxes in those cases, when it does not have to follow any such procedure in the case of living persons who owe taxes.

One of the purposes of these statutes (Art. 3509, etc.) is to give the administrator or executor of the estate an opportunity to ascertain what debts are owned by the estate before he closes the administration. Garrett v. Gaines, 6 Tex. 435. It is not necessary that a claim for taxes be presented in order for him to know the amount of the taxes due because he has constructive notice as a matter of law of the taxes owed to the State. It is a matter of public record at the court house.

Although we are not aided by any Texas appellate court cases on this question, we find that in twelve other states that have laws on presentation of claims to administrators and executors similar to the Texas Statutes there are appellate court decisions on this question. Our uncertainty on the law on this question is not removed by these out-of-state cases because eight of those states follow one holding and four follow the opposite holding. Eight hold that a claim for taxes does not need to be presented to the administrator or executor, as follows: California (People v. Olvera, 43 Cal. 492), Indiana (Graham v. Russell, 152 Ind. 186, 52 N. E. 806; Cullop v. City of Vincennes, 34 Ind. App. 667, 72 N. E . 166; and Barnum v. Rallihan, 63 Ind. App. 349, 112 N. E. 561); Iowa (Findley v. Taylor, 97 Iowa 420, 66 N. W. 744); Maryland (Bonaparte v. State, 63 Md. 465); Missouri (State v. Tittmen, 119 No. 661, 24 S. W. 1032); Ohio (Gager v. Prout, 48 Oh. St. 89, 26 N. E. 1013); Utah (Clayton v. Dinwoody, 33 Utah 251, 93 Pac. 723); and Wisconsin (Bogue v. Laughlin, 149 Wis. 271, 136 N. W. 606, 40 L. R. A. (N. S.) 927; and In re Adams' Estate, 272 N. W. 19); and four hold that a claim for taxes must be presented to the administrator or executor before suit for the same can be filed against the estate, those states being Connecticut (Sherwood v. City of Bridgeport, 123 Conn. 348, 195 Atl. 744); Illinois (Stone v. Board of Review, 345 Ill. 286, 188 N. E. 430); Nebraska (Millet v. Early, 16 Neb. 266, 20 N. W. 352); and Pennsylvania (In re Thompson's Estate, 130 Pa. Supra. 263, 197 Atl. 547.

We think the majority holding is the better rule. It was expressed by the Supreme Court of Indiana in the case of Graham v. Russell, supra, as follows:

"The contention of appellant's counsel that the petition ought to have alleged that the taxes in dispute had been filed as a claim against Graham's estate prior to its final settlement is without merit. The facts disclose that the decedent had for many years prior to his death failed to list and return for taxation a large amount of his property, and at his death it is charged he was liable to the payment of taxes, on account of his said default, in the sum of $3,000 and over, which had accrued and were due for state, county, and township purposes. Taxes are not such claims which the law of this state either requires or intends shall be filed for payment against a decedent's estate. It is true that taxes, in

the order prescribed by the statute for the payment of
liabilities of a decedent's estate, come within the
fourth provision of such order of payment. Rev. St.
1881, § 2378 (Burns' Rev. St. 1894, § 2534). The duty,
however, rests upon the administrator or executor to pay
the taxes due against the estate without their being
filed or presented for payment. . . . . He, while in
life, owed, as one of the highest duties to the govern-
ment, the duty to pay all taxes imposed upon his property
liable to taxation. As a compensation for the discharge
of their duty, the state afforded him protection to
his life, liberty, and the due enjoyment of the property
with which he had been blessed; and the discharge of
his duty, if the decedent is shown to have omitted it,
must rest upon his estate. With or without knowledge
of the existence of this liability of her decedent, it
existed, all the same, against the property of his
estate until paid, unless barred by some provision of
law. . . A tax claim or charge, as we have seen, is not
required to be filed against an estate, but it must be
taken notice of by an administrator or executor, and
paid without being filed; and, if he proceeds to finally
settle the estate without the payment of such tax claim,
settled or determined by proper adjudication in court,
he does so at the peril of having such final settlement
set aside, under the statute in question, at the instance
of some one entitled to institute an action for that purpose."

The Supreme Court of Wisconsin took a similar view in the
case of In re Adams' Estate, supra, in which it said:

"At the outset it should be noted that in respect
to claims for taxes generally, 'The more general view
is that the requirement of presentation does not apply
to claims for taxes and assessments, whether assessed
before or after the death of decedent.' 24 C. J. 325 §
946. In holding that it was not necessary to present
a claim for a tax levied on property, omitted from the
tax roll in former years, in the county court as a claim
against the estate of a decedent, this court in Bogue v.
Laughlin, 149 Wis. 271, 136 N. W. 606, 610, 40 L. R. A.
(N. S.) 927, Ann. Ca. 1913C, 1367, quoted the following:
'Taxes are not such claims which the law of this state
either requires or intends shall be filed for payment
against a decedent's estate. It is true that taxes, in
the order prescribed by the statute for the payment of
liabilities of a decedent's estate, come within the fourth
provision of such order of payment. . . . The duty, however,
rests upon the administrator or executor to pay the taxes
due against the estate, without their being filed or presented
for payment.'"

It is our opinion that the district court has original jurisdiction to try a delinquent tax suit and foreclose a tax lien on land for taxes, accruing both prior to and subsequent to the death of the decedent, without first presenting a claim for said taxes to the administrator or executor of the estate; and therefore, our answer to each of your four questions is "yes."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Cecil C. Rotsch
Cecil C. Rotsch
Assistant

CCR:N:wc

APPROVED JULY 28, 1939
s/W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By TDR Chairman